**Arthur TURNER and Jerrie Blakely, Plaintiffs,**

v.

**Christine COOPER, Defendant.**

**No. 83 C 1167.**

United States District Court, N.D. Illinois, E.D.

Nov. 1, 1983.

James A. Geocaris, Robert W. Gettleman, D'Ancona & Pflaum, Susan B. Cohen, Jenner & Block, Chicago, Ill., for plaintiffs.

LaQuietta Hardy, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

PRENTICE H. MARSHALL, District Judge.

Plaintiff Jerrie Blakely was a supporter of plaintiff Arthur Turner, an independent candidate in the November 1982 election for Illinois state representative for the 17th legislative district. Blakely was also a credentialed pollwatcher for Turner in the 10th precinct of the 29th ward of the city of Chicago, which apparently is contained within the 17th legislative district. Defendant Christine Cooper was an election judge for the Democratic party in the same precinct, appointed pursuant to state law. See Ill.Rev.Stat. ch. 46, §§ 14–1 to 14–9 (1981).

Plaintiffs allege that Blakely became aware that Cooper was violating state law by showing voters how they could vote a straight Democratic ticket. Blakely asked Cooper to stop; Cooper refused. When Blakely insisted, plaintiffs allege, Cooper physically assaulted her and ejected her from the polling place. Plaintiffs allege that Cooper acted because she knew Blakely was a Turner supporter and because Blakely insisted on her privilege as a pollwatcher to observe Cooper's activities.

In their complaint, plaintiffs allege that Cooper's conduct violated their first amendment rights of free speech and association and deprived them of equal protection of the law, in violation of 42 U.S.C. § 1983 (Supp. IV 1980). The complaint also contains pendent state claims under the Illinois Election Code, Ill.Rev.Stat. ch. 46, § 29–17 (1981) and under the common law. Defendant has moved to dismiss the § 1983 claims for failure to state a claim on which relief may be granted. Fed.R.Civ.P. 12(b)(6).

With respect to plaintiff's first amendment claim, defendant argues 1) that insofar as plaintiff Blakely was only deprived of her "right" to be a pollwatcher, a state-created right, no federal constitutional question is involved, and 2) that any first amendment right that Blakely possessed to express her support of Turner was properly limited by Illinois law prohibiting electioneering in a polling place and limiting the actions of pollwatchers.

■ To the extent that Blakely complains of an assault by a person acting under color of state law in retaliation for expression protected by the first amendment, it cannot seriously be contended that she fails to state a claim. The state cannot impose sanctions on an individual for or interfere with speech or conduct protected by the first amendment. See, e.g., Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968); Keyishian v. Board of Regents, 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); NAACP v. Button, 371 U.S. 415, 431, 439, 83 S.Ct. 328, 337, 341, 9 L.Ed.2d 405 (1963); Scales v. United States, 367 U.S. 203, 81 S.Ct. 1469, 6 L.Ed.2d 782 (1961); Schware v. Board of Bar Examiners, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). A physical assault by one acting under color of state law is just as much a "sanction" that threatens to chill the exercise of first amendment rights as the nonphysical sanctions condemned in the above cases.

However, plaintiffs appear to concede that Ill.Rev.Stat. ch. 46, § 17–23(3) (1981), which bars a pollwatcher from being so close to election judges as to interfere with the orderly conduct of the election, and id. § 17–29, which bars all persons from engaging in electioneering, vote solicitation, and political discussion within a polling place, are valid time, place, and manner restrictions on the exercise of first amendment freedoms. Thus, if defendant assaulted Blakely for engaging in conduct within either § 17–23(3) or § 17–29, the assault did not penalize Blakely for exercising rights protected by the first amendment.

■ Plaintiffs argue that Blakely's status as a pollwatcher was "incident" to her political association with Turner's campaign, association protected by the first amendment. We agree that political association is one of the freedoms the first amendment seeks to protect. See Elrod v. Burns, 427 U.S. 347, 356, 96 S.Ct. 2673, 2681, 49 L.Ed.2d 547 (1976); Kusper v.

*Pontikes,* 414 U.S. 51, 56–57, 94 S.Ct. 303, 307–08, 38 L.Ed.2d 260 (1973). Plaintiffs have cited no authority, however, nor have we found any, that supports the proposition that Blakely had a first amendment right to act as a pollwatcher. Indeed, we would suggest that the state is not constitutionally required to permit pollwatchers for political parties and candidates to observe the conduct of elections. Illinois has chosen to do so, but Blakely's right to be present at the polling place derived solely from state law. Further, though plaintiffs take the position that Blakely was attempting to prevent Cooper from engaging in conduct prohibited by the state election code, even if Cooper acted in retaliation for *that* conduct, no federally protected rights were impaired.

■ If Blakely can show at trial that Cooper retaliated against her for her association with Turner, she will succeed on her first amendment claim. However, defendant will be entitled to elicit evidence showing that she acted because of what Blakely did at the polling place, and not simply because she was a Turner supporter.[1]

Plaintiffs' other claim is brought under the equal protection clause of the fourteenth amendment.[2] This claim is based on plaintiffs' allegation that Cooper acted as she did because Blakely was a Turner supporter. If Blakely can show that Cooper was motivated by a discriminatory design to penalize or punish supporters of the independent candidate, her equal protection claim will prevail. *See, e.g., Snowden v. Hughes,* 321 U.S. 1, 8, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1945); *Smith v. Cherry,* 489 F.2d 1098, 1102–03 (7th Cir.1973), *cert. denied,* 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214 (1974); *Shakman v. Democratic Organization of Cook County,* 435 F.2d 267, 270 (7th Cir.1970), *cert. denied,*

402 U.S. 909, 91 S.Ct. 1383, 28 L.Ed.2d 650 (1971). Again, however, defendant will be entitled to elicit evidence at trial tending to show that she acted not due to Blakely's association with Turner but rather due to her conduct at the polling place. The same considerations regarding summary judgment mentioned at n. 1 *supra* with respect to the first amendment claim apply to the equal protection claim.

We have said little up to this point about plaintiff Turner. Defendant did not direct her motion to dismiss at Turner's claims as distinct from Blakely's, perhaps figuring that if Blakely's claims fell, Turner's would too. It appears that Turner's claims are derivative of Blakely's claims in that they turn on the merits of the latter claims. If Blakely cannot show that Cooper assaulted her in retaliation for her association with and support for Turner, neither Blakely nor Turner will be able to succeed. We assume that Turner's allegation of injury is that to the extent that Cooper acted because of Blakely's association with him, his associational interests, protected by the first amendment and the equal protection clause, have been impaired as well. We question whether Turner, as distinct from Blakely, will be able to make a showing of actual injury sufficient to establish a right to recover more than nominal damages. *See, e.g., Crawford v. Garnier,* 719 F.2d 1317, 1324–25 (7th Cir.1983) (per curiam); *Kincaid v. Rusk,* 670 F.2d 737, 745–46 (7th Cir.1982).

Defendant's motion to dismiss is denied for the reasons stated in this opinion. Discovery ordered closed December 10, 1983; final pretrial materials to be filed by January 10, 1983; final pretrial conference February 22, 1983 at 4:30 p.m. Cause set for trial April 16, 1983 at 9:30 a.m.

---

1. We note that since plaintiff's first amendment claim involves a question of defendant's motivation, summary judgment is likely to be inappropriate. *See Mt. Healthy Board of Education v. Doyle,* 429 U.S. 274, 286, 97 S.Ct. 568, 575, 50 L.Ed.2d 471 (1976); *Egger v. Phillips,* 710 F.2d 292, 320 (7th Cir.1983) (en banc). Thus, we will look carefully at any summary judgment mo-

tion geared toward the first amendment claim before ordering a response. It is likely that this case will have to be tried.

2. "No State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. 14, § 1.